IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR419-069 |
| | ) |
| CRAIG GERMAN, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

Before the Court is Defendant Craig German's Motion for Home Confinement (Doc. 267), which the Government opposes (Doc. 268). For the following reasons, Defendant's Motion (Doc. 267) is **DISMISSED**.

## BACKGROUND

In September 2019, Defendant pleaded guilty to one count of conspiracy to steal trade secrets, in violation of 18 U.S.C. § 1832(a)(5). (Doc. 110.) Defendant was sentenced to a total term of 70 months' imprisonment. (Doc. 207 at 2.) According to the Bureau of Prison's (BOP) website, Defendant is currently not in BOP custody[1] and has a projected release date of March 12, 2025. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on October 19, 2020).

---

[1] Defendant filed this motion while incarcerated at FCI Butner in Butner, North Carolina. (Doc. 267 at 2.) According to representatives at the BOP, Defendant is currently in the custody of the United States Marshalls Service in the Southern District of Georgia due to proceedings in a separate criminal case. (Doc. 268 at 1 n.1.)

## ANALYSIS

Defendant seeks to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic. (Doc. 267 at 1.) The Government opposes Defendant's request. (Doc. 268.) The Court finds that Defendant's motion seeking home confinement is due to be dismissed.

A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a

2

prisoner on home confinement. See United States v. Calderon, F. App'x 730, 731 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

## CONCLUSION

Accordingly, Defendant's Motion for Home Confinement (Doc. 267) is **DISMISSED**.

SO ORDERED this 19th day of October 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA